EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JUANA L. EVANKS DAVIS, as
Personal Representative of the Estate of
KENGGE A. EVANKS DAVIS,
Decedent,

GENERAL JURISDICTION DIVISION

CASE NO:

FLORIDA BAR NO.: 0131581

      Plaintiff,

vs.

PRINCESS CRUISE LINES, Ltd., (Corp.),

      Defendant.

_____/

## COMPLAINT

Plaintiff, JUANA L. EVANKS DAVIS, as Personal Representative of the Estate of KENGGE A. EVANKS DAVIS on behalf of the Estate and its lawful survivors, through undersigned counsel, sues Defendant, PRINCESS CRUISE LINES, Ltd. (Corp.), and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.      This is an action for damages in excess of Fifteen Thousand Dollars, ($15,000.00), exclusive of interests and costs, which is within the jurisdiction of this Court.

2.      At all times material, JUANA L. EVANKS DAVIS, hereinafter "JUANA EVANKS", is the duly appointed Personal Representative of the Estate of KENGGE A. EVANKS DAVIS hereinafter, "EVANKS DAVIS ESTATE".

3.      At all times, Decedent, KENGGE A. EVANKS DAVIS, hereinafter "EVANKS DAVIS", was a Honduran citizen and died on April 17, 2018, in Los Angeles, California.

4.      At all times material, JUANA EVANKS was, and is, the decedent's mother.

5.      Decedent's mother, JUANA EVANKS, was appointed as the PERSONAL REPRESENTATIVE of decedent's estate as a matter of Honduran law on October 18, 2018.

6.      At all times material, Allison Dayana Evanks, hereinafter "ALLISON" is the natural born daughter of decedent, EVANKS DAVIS.

7.      This Court has jurisdiction over this matter as Plaintiff's claims arise under the Jones Act, 46 U.S.C. sec. 30401 et seq.—formerly known as 46 U.S.C. sec. 688 et seq—and General Maritime law.

8.      At all times material hereto, Defendant, PRINCESS CRUISE LINES, Ltd., (Corp.), hereinafter "PRINCESS", was, and is to this day, a vacation cruise company engaging in the operation and management of cruise vessels for the purposes of conducting substantial business throughout the world—including the United States of America, and more specifically South Florida. The Defendant, PRINCESS, specifically allows and uses the ports of Miami and port Everglade on a consistent basis for its' passenger cruise lines.   Furthermore, the Defendant has local business offices, and counsel, in South Florida.

9.      Furthermore, the Defendant, PRINCESS, at all times material hereto, personally or through an agent:

    a.  Operated, conducted, engaged in, or carried on a business venture in this state and / or county or had an office or agency in this state and/or county;
    b.  Was engaged in substantial and not isolated activity within this state;
    c.  Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws:
    d.  Committed one or more of the acts stated in Fla.Stat. 48.081, 48.181, or 48.193; and
    e.  Operated vessels in the waters of this state including out of Fort Lauderdale and Miami.

10.     At all material times hereto, Decedent, EVANKS DAVIS, was employed by the Defendant, "PRINCESS CRUISE LINES", as a seaman aboard the Defendant's vessel, "The Ruby Princess".

2

11.     The Defendant, PRINCESS CRUISE LINES, hired the Decedent to work on

its' vessel pursuant to an employment contract beginning and pursuant to the United States Supreme

Court in *Hellenic Lines Ltd., v. Rhoditis,* 398 U.S. 306 (1970) this matter is governed by both

general maritime law of the United States and the Federal Jones Act, 46 U.S.C. sec. 688 et seq.

12.     At all times material hereto, Defendant, "PRINCESS CRUISE LINES", was

the owner and/or operator and/or managed and/or maintained and/or controlled the vessel, "Ruby

Princess", and/or was the bareboat charterer and/or was the owner pro hac vice, thereof, in

coastwise, inter-coastal and foreign commerce.

13.     At all material times hereto, Decedent, EVANKS DAVIS,

obtained medical care and treatment aboard the Ruby Princess, and his medical care and treatment

was monitored by the Defendant—or its' agent(s)—pursuant to legal duties to maintain and cure

owed to the decedent under The Jones Act.

14.     On or about April 16th, 2018, at approximately 3:00 pm, Decedent EVANKS DAVIS

presented himself to medical facilities aboard The Ruby Princess, seeking medical treatment owing

to episodic bouts of nausea, vertigo, and frequent, violent and uncontrollable emesis, after falling ill

during an employment-related stay in Cabo San Lucas, Mexico, while in service of the Ruby

Princess.

15.     Medical staff aboard the Ruby Princess treated the decedent by Administering

Antibiotics but said antibiotics were not broad-spectrum antibiotics. Shortly thereafter—at

approximately 10:30 pm—an announcement was made over the vessel's p.a. system instructing all

medical personnel to immediately report to the vessel's clinic in response to an on-board medical

emergency—now known to have been that of seaman, EVANKS DAVIS.

16.     Due to the failure to properly diagnose, and as such provide correct antibiotics,

EVANKS DAVIS, who was suffering from meningitis grew fatally ill.

3

17.     The Decedent was thereby transferred to Los Angeles, California for emergency treatment.

18.     Upon arrival in Los Angeles, California the Decedent was hospitalized and died two days later, on April 18th, 2018.

## COUNT I

## SURVIVAL ACTION UNDER THE JONES ACT

Plaintiff re-affirms and re-alleges every allegation set forth in Paragraphs 1 through 18 and further alleges:

19.     As a result of Decedent's status as a seaman and the Defendant's relationship to Decedent as his contractual employer, Defendant, "PRINCESS CRUISE LINES", owed the Decedent a non-delegable duty to provide him with prompt and adequate medical care for any illness and/or injuries he suffered or that manifested while in service to the Defendant's vessel.

20.     That duty includes, but is not limited to, ordering appropriate medical tests, arranging evaluations by appropriate specialists, rendering a timely diagnosis, and providing timely and appropriate medical care treatment and medications.

21.     The Defendant breached its duty to provide prompt and adequate medical care to the Decedent in the following manner:

(a)     Failing to have Decedent promptly evaluated and medically treated for his medical conditions;

(b)     Failing to properly and promptly diagnose and assess Decedent's medical conditions;

(c)     Failing to perform and/or order necessary scans, tests and examinations to determine the extent and nature of Deceased's medical conditions;

(d)     Failing to promptly provide Decedent with reasonable and necessary medical care including shoreside care and the referral to appropriate specialists;

(e)     Failing to provide Decedent with the proper follow-up medical care and medical treatment, including but not limited to appropriate follow-up appointments, medications, and diagnostic testing, therapy; and

(f)     and Other acts of negligence to be determined as discovery in this matter progresses.

22.     The medical care and medical treatment provided to Decedent was

inadequate, untimely, and resulted in a worsening of Decedent's medical condition and eventual

death.

23.     As a direct and proximate result of the Defendant's failure to provide the

Decedent with prompt and adequate medical care the Decedent suffered bodily injury, disability,

impairment, disfigurement, mental and emotional distress, mental anguish, pain and suffering, and

the loss of life, the loss of capacity for the enjoyment of life, loss of wages and incurred medical

expenses.

WHEREFORE, Plaintiff demands a trial by jury and a judgment against Defendant for all

damages permitted by law, costs and interest, and all other relief the Court deems appropriate.

## COUNT II

## CLAIM FOR WRONGFUL DEATH UNDER THE JONES ACT

Plaintiff re-affirm and re-alleges every allegation set forth in Paragraphs 1 through 18 and

further allege:

24.     As a result of Decedent's status as a seaman and the Defendant's relationship to

Decedent as his contractual employer, Defendant, "PRINCESS CRUISE LINES", owed the

Decedent a non-delegable duty to provide him with prompt and adequate medical care for any

illness and/or injuries he suffered or that manifested while in service to the Defendant's vessel.

That duty includes, but is not limited to, ordering appropriate medical tests, arranging evaluations

by appropriate specialists, rendering a timely diagnosis, and providing timely and appropriate

medical care treatment and medications.

25.    The Defendant breached its duty to provide prompt and adequate medical

care to the Decedent in the following manner:

(a)    Failing to have Decedent promptly evaluated and medically treated for his medical conditions;

(b)    Failing to properly and promptly diagnose and assess Decedent's medical conditions;

(c)    Failing to perform and/or order necessary scans, tests and examinations to determine the extent and nature of Deceased's medical conditions;

(d)    Failing to promptly provide Decedent with reasonable and necessary medical care including shoreside care and the referral to appropriate specialists;

(e)    Failing to provide Decedent with the proper follow-up medical care and medical treatment, including but not limited to appropriate follow-up appointments, medications, diagnostic testing, and therapy; and

(f)    Other acts of negligence to be determined as discovery in this matter progresses.

26.    As a result of the Defendant's failure to provide prompt and adequate medical care,

KENGGE A. EVANKS DAVIS died on April 18, 2018.

27.    As a direct and proximate result of the Defendant's failure to provide adequate and

prompt medical care as herein alleged which resulted in the death of KENGGE A. EVANKS

DAVIS, his Estate has incurred medical and funeral expenses.

28.    As a direct and proximate result of the Defendant's failure to provide adequate and

prompt medical care as herein alleged which resulted in the death of KENGGE A. EVANKS

DAVIS, the Decedent's mother and minor child, JUANA EVANKS and ALLISON respectively,

have each suffered losses of support and services in such amounts as will be determined upon

further discovery or during trial.

29.    As a direct and proximate result of the Defendant's failure to provide adequate and

prompt medical care as herein alleged which resulted in the death of KENGGE A. EVANKS

DAVIS, Decedent's minor child, ALLISON, has additionally suffered a loss of nurture and

6

guidance in an amount to be determined upon further discovery or during trial.

WHEREFORE, Plaintiff demands a trial by jury and a judgment against the Defendant for any and all compensatory damages, interest, attorney's fees, costs and all damages allowed by law including but not limited to other relief the Court deems appropriate.

## COUNT III

## MAINTENANCE AND CURE, AND LOST WAGES

Plaintiff re-affirm and re-alleges every allegation set forth in Paragraphs 1 through 18 and further allege:

30.     The Defendant, "PRINCESS CRUISE LINES", as the contractual employer of the Decedent, owed the Decedent a General Maritime non-delegable duty to provide maintenance and cure for any and all medical conditions the decedent, KENGGE A. EVANKS DAVIS, contracted while in the service of the vessel. The Defendant was also responsible to treat any medical condition which manifested while Decedent was convalescing shoreside.

31.     Decedent became ill while in the employ of the Defendant and working aboard Defendant's vessel, the Ruby Princess. Despite repeated requests, the Defendant refused to fully comply with its obligations to provide maintenance, and proper and adequate cure, to the Decedent.

32.     Rather than providing prompt and adequate medical treatment to the Decedent which Defendant knew was necessary, Defendant ignored the Decedent's repeated requests for maintenance and cure for timely diagnostic testing, for the interpretation of such tests, and for appropriate treatment. This delay resulted in the worsening of Decedent's medical condition and the Decedent endured additional and undue pain, suffering, disability, loss of capacity for the enjoyment of life, mental distress and mental anguish and loss of wages prior to his untimely death. Ultimately, the delay and withholding of the Deceased's maintenance and cure by the Defendant aggravated all of the Decedent's underlying medical conditions and caused Decedent's death.

33.     Any cure that Decedent did receive was inadequate, inappropriate, insufficient and resulted in worsening of his condition.

34.     The Defendant acted in a willful, arbitrary and/or callous manner by ignoring Decedent's need for medical treatment and maintenance and cure and by refusing to pay all of Decedent's unearned wages until Decedent's Estate was forced to hire counsel to pursue said wages and all of his maintenance and cure rights.

35.     The Defendant breached its' obligations to provide maintenance and cure to the Decedent and as such, Decedent never reached maximum medical improvement.

36.     As a direct and proximate result of the Defendant's persistent failure to provide maintenance and proper cure, Decedent's medical condition persisted and worsened and as a result Decedent had pain and suffering, loss of enjoyment of his life, suffered mental and emotional distress, mental anguish, disability, impairment, incurred medical expenses in the care and treatment of his illness, suffered physical handicap, lost wages, loss of earning capacity, tips, and fringe benefits and his ability to work was impaired ultimately causing decedent's death. In addition, the Decedent's Estate incurred out of pocket expenses as a result of the Defendant's actions including but not limited to medical and funeral expenses.

37.     The Estate hired counsel to pursue his remedies and is/was obligated to pay attorney's fees and costs.

WHEREFORE, Plaintiff demands Defendant's satisfaction of any and all unpaid wages, and additionally requests any compensatory damages, interest, costs, and attorney's fees, and any other relief the court deems appropriate under the circumstances.

## COUNT IV

### LOSS OF SUPPORT, NURTURE, AND GUIDANCE AS TO DECEDENT'S SURVIVING DAUGHTER, ALLISON D. EVANKS

Plaintiff re-affirm and re-alleges every allegation set forth in Paragraphs 1 through 18 and further allege:

38.     Plaintiff on behalf of the Decedent, "KENGGE A. EVANKS DAVIS", pursuant to the United States Supreme Court in *Atlantic Sounding Co. v. Townsend,* 557 U.S. 404, 129 S.Ct. 2561, 174 L. Ed. 2d 382, (2009) maintains a General Maritime claim against the Defendant, PRINCESS, Count III of this Complaint, for Defendant's breaches of maintenance and cure to Decedent which led to his untimely death.

39.     Decedent's mother and executor of the estate, JUANA L. EVANKS DAVIS, Maintains a derivative claim for Defendant's willful, arbitrary, and capricious breaches of maintenance and cure to the Decedent. (*Barrette v. Jubilee Fisheries, Inc.,* 2011 WL 3516061 (W.D. Was., 2011).

40.     Decedent's mother, JUANA L. EVANKS DAVIS, was appointed as the PERSONAL REPRESENTATIVE of decedent's estate as a matter of Honduran law on October 18, 2018.

41.     To the extent this is a derivative claim Decedent's surviving minor child, ALLISON, has suffered permanent damages as a direct and proximate result of the Decedent's death which include but are not limited to, losses of nurture, guidance, support, services, love and affection, loss of society and companionship and protection, from the date of Decedent's death on April 18, 2018, until present—in an amount to be determined upon further discovery or during trial—and such losses will continue permanently into the future.

WHEREFORE, Plaintiff demands provision of all damages available to Decedent's

9

surviving mother and minor daughter for thier losses resulting from Decedent's death, together with pre and post judgment interest, costs, and attorney's fees, and any other relief this Court deems appropriate under the circumstances.

**COUNT V**

**LOSS OF SUPPORT AS TO DECEDENT'S SURVIVING MOTHER, JUANA L. EVANKS DAVIS**

Plaintiff re-affirm and re-alleges every allegation set forth in Paragraphs 1 through 18 and further allege:

42.     Plaintiff on behalf of the Decedent, "KENGGE A. EVANKS DAVIS", pursuant to the United States Supreme Court in *Atlantic Sounding Co. v. Townsend,* 557 U.S. 404, 129 S.Ct. 2561, 174 L. Ed. 2d 382, (2009) maintains a General Maritime claim against the Defendant, PRINCESS, Count III of this Complaint, for Defendant's breaches of maintenance and cure to Decedent which led to his untimely death.

43.     Decedent's mother and executor of the estate, JUANA L. EVANKS DAVIS, maintains a derivative claim for Defendant's willful, arbitrary, and capricious breaches of maintenance and cure to the Decedent. (*Barrette v. Jubilee Fisheries, Inc.,* 2011 WL 3516061 (W.D. Was., 2011)

44.     Decedent's mother, JUANA L. EVANKS DAVIS, was appointed as the PERSONAL REPRESENTATIVE of decedent's estate as a matter of Honduran law on October 18, 2018.

45.     To the extent this is a derivative claim Decedent's surviving mother has suffered permanent damages as a direct and proximate result of the Decedent's death which include but are not limited to, loss of services, loss of love and affection, loss of society and companionship and protection, loss of support, from the date of Decedent's death April 18, 2018 until present and such

10

losses will continue permanently into the future.

WHEREFORE, Plaintiff demands provision of all damages available to Decedent's surviving mother for her losses resulting from Decedent's death, together with pre and post judgment interest, costs, and attorney's fees, and any other relief this Court deems appropriate under the circumstances.

DATED THIS day 25th Day of March 2020.

Respectfully submitted,

Louis A. Vucci, Pa
Attorney for the Plaintiff
1 SE 3rd Avenue, Suite 3020
Miami, Florida 33131
Telephone: (305-573-0125)
Facsimile: (786-536-7799)
Louis@thevuccilawgroup.com

By:   /s Louis A. Vucci, Esq.
LOUIS VUCCI, ESQ.
Florida Bar. No.: 0131581