IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:20-cv-22181

JUANA L. EVANKS DAVIS, as
Personal Representative of the Estate of
KENGGE A. EVANKS DAVIS,
Decedent,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant, Princess Cruise Lines, LTD., ("Princess"), hereby petitions the Court to enter an Order directing Plaintiff, JUANA L. EVANKS DAVIS, as Personal Representative of the Estate of KENGGE A. EVANKS DAVIS (hereinafter "Plaintiff"), to proceed to arbitration in accordance with the terms of his Employment Agreement. In support, Princess states as follows:

**I. Introduction**

Plaintiff, the estate of a foreign seaman and citizen of Honduras, filed a five-count Complaint alleging he was employed by Defendant to work as a seaman aboard Defendant's vessel. Plaintiff alleges that he fell ill and sought treatment while onboard, and that due to Defendant's negligence, Plaintiff passed away. Prior to boarding the vessel, Plaintiff entered into an Employment Agreement in which agreed he had reviewed and was bound by the terms and conditions set forth in a Collective Bargaining Agreement ("CBA"). *See* Signed Employment Agreement attached as Exhibit 1. Among other things, the CBA requires that Plaintiff arbitrate any and all claims or disputes in Bermuda, the nation in which Princess is incorporated and the

flag nation of the subject cruise ship. (*See* Terms of the Employment and Collective Bargaining Agreement, at Article 14, attached hereto as Exhibit 2.)

Notwithstanding that there was a binding agreement to arbitrate the dispute in Bermuda, Plaintiff instead filed this lawsuit in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida. The action was originally entitled *Juana L. Evanks Davis, as Personal Representative of the Estate of Kengge A. Evanks Davis, Decedent v. Princess Cruise Lines, Ltd.*, case number 2019-032886-CA-01. On May 26, 2020, Princess filed a notice of removal to federal court. The foreign arbitration mandated between Plaintiff and Princess in his employment contract and CBA is subject to the provisions of The Convention of the Recognition and Enforcement of Foreign Arbitral Awards on June 10, 1958 (the "Convention"). Accordingly, this Court has subject matter jurisdiction by virtue of 28 U.S.C §1331, 28 U.S.C. §1333, and 9 U.S.C. §202 *et seq.*

## II. Plaintiff's Claims Must Proceed To Arbitration

Princess has been aggrieved by Plaintiff's refusal to submit his claims to arbitration. By refusing to submit his claims to arbitration as provided in the CBA, Princess has been deprived of the benefit and value of the arbitration provision to which Plaintiff agreed. For the reasons set forth below, the Court should compel arbitration in accordance with the CBA.

### A. The Estate is Bound by Decedent's Agreement to Arbitrate

As an initial matter, this lawsuit was brought by Juana L. Evanks Davis as the personal representative of the Estate of Kengge A. Evanks Davis. Court's in this Circuit hold that the Estate is bound by Kengge A. Evanks Davis' agreement to arbitrate any disputes in Bermuda: "The estate and heirs stand in the shoes of the decedent ... [and] are bound by the arbitration agreement to the same extent that [the decedent] would have been bound." *Gomez v. Allied Professionals Ins. Co.*, 19-CV-24994, 2020 WL 2197865, at *5 (S.D. Fla. May 6, 2020). An arbitration provision signed by a decedent is enforceable against the decedent's estate. *Estate of Malkin by Guarnero v. Sail*

1

*Funding Tr. II*, 15-CIV-62092, 2016 WL 8729959, at *8 (S.D. Fla. Feb. 2, 2016). Furthermore, the Supreme Court of Florida has ruled that "that the estate and statutory heirs are bound by the arbitration agreement to the same extent that [the decedent] would have been bound." *Laizure v. Avante at Leesburg, Inc.*, 109 So. 3d 752, 762 (Fla. 2013). Thus the Estate of Kengge A. Evanks Davis is required to arbitrate any and all disputes in Bermuda.

### B. The CBA Mandates Arbitration of this Dispute

Plaintiff signed an Employment Contract to work aboard Defendant's vessel in which he agreed that while working aboard the vessel he was bound by the terms and conditions set forth in the CBA. The Employment Agreement Plaintiff signed states:

> Employee agrees that employment with the Company constitutes an international commercial relationship with one or more foreign parties and that any and all disputes of any kind or nature whatsoever between Employee and Company shall be resolved by binding arbitration in Bermuda and governed exclusively by the laws of Bermuda without regard to principles of conflicts of law, as set forth in Article 14 of the attached CBA.

*See* Employment Contract, Exhibit 1. By executing the Employment Contract, Plaintiff agreed to the terms and conditions contained therein and in the referenced CBA including its arbitration provision contained in Article 14. Plaintiff agreed he would arbitrate any disputes in Bermuda. Article 14 of the CBA is entitled "Governing Law, Arbitration, Venue and Resolution of All Claims, Controversies or Disputes" and states that Plaintiff "agree[d] that every conceivable claim, demand, dispute, action, suit, petition or controversy of any kind or nature without any limitation whatsoever that [he] may bring or assert against [Princess] … regardless of where, when or how the incident or matters giving rise to such dispute occurs, are international commercial disputes and **shall be referred to and resolved exclusively by binding arbitration in Bermuda** …" (*See* Terms of Employment and Collective Bargaining Agreement, Ex. 2, Article 14) (***emphasis in original***.) The claims asserted against Princess clearly fall within the agreement to arbitrate made

between the parties. Plaintiff has violated his employment contract by filing this lawsuit in court rather than submitting his claims to arbitration in Bermuda as mandated by the employment contract.

### C. The Eleventh Circuit Has Clearly Established That Crewmember Cases Should Be Compelled To Arbitration

Despite a plethora of cases in which plaintiffs have attempted to circumvent cruise line arbitration agreements, the Eleventh Circuit has made it clear that pursuant to the Convention all such cases must be compelled to arbitration and that most defenses to arbitration cannot be considered in response to a cruise line's motion to compel arbitration. *See e.g.*, *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543 (11th Cir. 2016); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279 (11th Cir. 2015); *Wong v. Carnival Corp.* 599 Fed.Appx. 355 (11th Cir. 2015); *Vera v. Cruise Ships Catering and Services Intern., N.V.*, 594 Fed.Appx. 963 (11th Cir. 2014); *Trifonov v. MSC Mediterranean Shipping Co. S.A.*, 590 Fed.Appx. 842 (11th Cir. 2014); *Paucar v. MSC Crociere S.A.*, 552 Fed.Appx. 872 (11th Cir. 2014); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed.Appx. 655 (11th Cir. 2013); *Arauz v. Carnival Corp.* 466 Fed.Appx. 815 (11th Cir. 2012); *Maxwell v. NCL (Bahamas), Ltd.*, 2011 WL 928737, at *1 (11th Cir. 2011); *Henriquez v. NCL (Bahamas), Ltd.*, 440 F.App'x 714, 716 (11th Cir. 2011); *Bautista v Star Cruises,* 396 F.3d 1289 (11th Cir. 2005).

### D. Federal Law Favors Arbitration

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and

> transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

*Id*. at 629; *See also Adolfo v. Carnival Corp.,* 2003 U.S. Dist. LEXIS 24143 (S. D. Fla. Mar. 17, 2003) (relying on *Mitsubishi* and ruling that "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration ... and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

International arbitration agreements are subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The United States and Bermuda have both implemented the Convention—the United States through the enactment of 9 U.S.C. §§ 201-208, and Bermuda through its local laws on November 14, 1979. The Convention provides that a court possessing jurisdiction under the Convention may direct arbitration be held in accordance with the agreement at any place therein provided for.

In light of the strong policy favoring arbitration, courts should conduct "a very limited inquiry" in deciding whether to compel arbitration pursuant to the Convention. *Lindo v. NCL*, 652 at 1272; *Bautista v. Star Cruises*, 396 at 1294; *see also Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002); *Ledee v. Ceramiche Ragno,* 684 F.2d 184 (1st Cir. 1982). The Court must order arbitration if the following four jurisdictional prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen, and the relationship envisages performance and enforcement abroad, and has a reasonable relation with a foreign state. *See Lindo*, 652 F.3d at 1272; *Bautista*, 396 F.3d at 1294; *Std. Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 (11th Cir. 2003). Here, this Honorable Court must compel arbitration as required by the

terms of Plaintiff's Employment Agreement (which incorporates the CBA), and the Convention. Here, all four jurisdictional prerequisites are all clearly met, and therefore this dispute is subject to arbitration.

> **E. This Action Mandates Arbitration Because the Four Jurisdictional Prerequisites Are All Met**

Arbitration is mandated because the four jurisdictional prerequisites are met in this matter. *See Bautista,* 396 F.3d at 1295 n. 7 (listing jurisdictional requirements); *Lindo*, 652 F.3d at 1271-73 (analyzing *Bautista* and the jurisdictional requirements); *Francisco v. Stolt Achievement MT*, 293 at 272; *see also* 9 U.S.C. §§ 201-208. *First*, there is a written agreement to arbitrate this dispute. The CBA specifically states that any and all claims shall be subject to arbitration. *See* Exhibits 1 and 2. *Second*, Bermuda adopted the Convention on November 14, 1979. *Third*, the agreement to arbitrate arises from a commercial legal relationship. The courts have ruled that crewmember employment contracts constitute a commercial legal relationship for the purposes of compelling arbitration. *See Francisco*, 293 F.3d at 273-74; *Bautista*, 396 F.3d at 1294-1301; *Suazo v. NCL*, 822 F.3d at 550 (Eleventh Circuit ruling that the plaintiff's employment with NCL was a commercial relationship); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d at 1286 (Eleventh Circuit ruling the four jurisdictional requirements were met); *Trifonov v. MSC*, 590 Fed. Appx. at 844 (Eleventh Circuit ruling "each of the four jurisdictional prerequisites has been met"). Each of these courts resolved this issue by concluding that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship. *Fourth*, a party to the agreement is not a U.S. citizen. Although applicable criteria only require that one party be a foreign citizen or entity, in this case everyone is foreign: Plaintiff is a citizen and resident of Honduras; Princess is incorporated in Bermuda. *See* Exhibit 1; *see also* Complaint at ¶3. Since the four jurisdictional prerequisites as set forth in *Bautista* and *Francisco* are met, the Court should enter

an Order compelling Plaintiff to submit to arbitration in accordance with the terms of his employment contract.

F. **This Court Has Compelled Arbitration In Similar Circumstances**

Courts in the Southern District compel arbitration under similar circumstances. Scores of courts in the Southern District – including this Court – have enforced cruise line crewmember arbitration agreements. *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248 (S.D. Fla. 2009); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216 (S.D. Fla. 2010); *Yucra v. Carnival Corporation*, No. 10-20870-Civ, 2010 WL 11586522 (S.D. Fla. May 18, 2010); *Crawford v. Carnival Corporation*, No. 11-22027-Civ- Altonaga (S.D. Fla. June 27, 2011) (DE 15); and *Gonzalez v. Carnival Corporation*, No. 11- 22416-Civ-Altonaga (S.D. Fla. Aug. 4, 2011) (DE 14). In each of these cases the Court compelled arbitration, dismissing claims brought by seamen. *See also Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011), and *Henriquez v. NCL (Bahamas), Ltd.*, 440 F. App'x 714 (11th Cir. 2011).

## III. Conclusion

For the reasons set forth herein, Princess respectfully petitions this Court to enter an Order dismissing the instant action and compelling Plaintiff to proceed to arbitration in Bermuda pursuant to the terms of his Employment Agreement and Collective Bargaining Agreement.

Dated: June 1, 2020
      Miami, Florida

      Respectfully submitted,

      MALTZMAN & PARTNERS, P.A.

By:   */s/ Michael A. Sokolson*
      Jeffrey B. Maltzman, Esq.
      Florida Bar No. 0048860
      jeffreym@maltzmanpartners.com
      Steve Holman, Esq.

Florida Bar No. 547840  
steveh@maltzmanpartners.com  
Michael A. Sokolson, Esq.  
msokolson@maltzmanpartners.com  
55 Miracle Mile, Suite 300  
Coral Gables, FL 33134  
Tel: 305-779-5665 / Fax: 305-779-5664  
*Attorneys for Defendant Princess Cruise Lines, LTD*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 1st day of June, 2020. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Michael A. Sokolson*  
Michael A. Sokolson, Esq.  
Florida Bar No. 127206  
Michaels@maltzmanpartners.com

**SERVICE LIST**
**CASE NO.: 20-cv-22181**

| | |
|---|---|
| Louis A. Vucci, Esq.<br>louis@thevuccilawgroup.com<br>Louis A. Vucci, P.A.<br>SunTrust International Center<br>One S. E. Third Avenue, Suite 3020<br>Miami, Florida 33131<br>Phone: 305-573-0125<br>Fax: 786-536-7799<br>*Attorney for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Michael A. Sokolson, Esq.<br>Michaels@maltzmanpartners.com<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL 33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |